(78 Misc. Rep. 407.)

### STADLER v. JAMES EVERARD'S BREWERIES.

(Supreme Court, Appellate Term, First Department. December 6, 1912.)

1. BROKERS (§ 54*)—COMPENSATION—PERFORMANCE OF CONTRACT.

Where a broker represented to defendant that he had a purchaser for his ice output, but defendant refused to sign a contract of sale because it contained a material provision objected to by him, the broker could not recover commissions from the defendant; the price and terms on which the contract was to be made not being agreed on.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 75–81; Dec. Dig. § 54.*]

2. BROKERS (§ 88*)—COMMISSIONS—INSTRUCTIONS.

Where, in an action for commissions for procuring a purchaser for defendant's ice output, the evidence showed that defendant refused to sign the contract because it contained an objectionable provision, and that the objection was material, and plaintiff contended that defendant orally agreed to such provision, but refused to sign the contract when reduced to writing, a refusal to charge that the burden was on plaintiff to prove by a fair preponderance of the evidence that defendant verbally agreed to sell on terms including such provision was erroneous.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 121–130; Dec. Dig. § 88.*]

Appeal from City Court of New York, Trial Term.

Action by Albert M. Stadler against James Everard's Breweries. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued November term, 1912, before LEHMAN, PAGE, and HOTCHKISS, JJ.

Gratz Nathan, of New York City (Thomas F. Keogh, of New York City, of counsel), for appellant.

Henry A. Rubino, of New York City, for respondent.

PAGE, J. The action was to recover for broker's commission in obtaining a purchaser for ice manufactured by the defendant. The plaintiff sought the defendant, stating that he could obtain a purchaser for the entire output of the defendant's ice manufacturing plant, and brought the representative of the defendant and the president of the Knickerbocker Ice Company together. Negotiations continued for some time. The defendant seems to have been concerned with disposing of his winter product, while the Ice Company wished to insure as large a delivery of ice in the summer as possible, and desired to make the winter deliveries conditional upon and proportional to the summer deliveries. Three separate tentative contracts in writing were prepared, the last of which was signed by the Knickerbocker Ice Company, and presented by the plaintiff to the defendant. This last proposed contract, however, had the provision:

"Should the output during the period from May 1st to October 1st of any year of this agreement not average nine hundred (900) cakes per day, then during the succeeding six months the party of the second part [the Ice Company] will be obligated to purchase and pay for only one-third of the amount manufactured during the preceding period from May 1st to October 1st."

Defendant refused to sign this contract. The plaintiff has recovered judgment for his commission, calculated upon the amount that would have been delivered for a period of five years, had the defendant delivered 1,200 cakes in each year.

[1] It is to be observed that the plaintiff came to defendant, claiming to have a purchaser, and not, as is frequently the case, where the seller employed the broker to seek out a purchaser. The refusal of the defendant to sign the contract was not capricious, but was based upon one of the material objections that was raised at the first meeting of the parties. This case comes within the rule:

"In all cases, under all and varying forms of expression, the fundamental and correct doctrine is that the duty assumed by the broker is to bring the minds of the buyer and seller to an agreement for a sale, and the price and terms upon which it is to be made, and until that is done his right to commission does not accrue." Sibbald v. Bethlehem Iron Co., 83 N. Y. 378, 382 (38 Am. Rep. 441).

[2] The plaintiff contends that the defendant did orally agree to this provision of the contract, but refused to sign the agreement which was reduced to writing. The defendant requested the court to charge the jury:

"That the burden is on the plaintiff to prove by a fair preponderance of the evidence that the defendant agreed verbally with the Knickerbocker Ice Company that 300 cakes of ice a day to be supplied in the winter time was made dependent upon the defendant supplying the Ice Company with 900 cakes in the summer time; in other words, that the defendant Breweries agreed to the so-called sliding scale included in Plaintiff's Exhibit 4."

The court said:

"I charge the jury that is a question for them to determine from the evidence presented upon the trial."

The defendant's counsel excepted to the charge and to the refusal to charge in the language requested. This was the crucial point in the case, and the defendant was entitled to have the jury charged substantially as requested.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.